COC 1331.13A
April 1, 1996
Attachment A

## INFORMAL RESOLUTION FORM
(BP-8)

NOTICE TO INMATE: Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13 (h) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9.

INSTRUCTIONS: Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

Inmate Name: Julio Gomez
Register No.: 52714-004
Qtrs/Unit: A/3
Date Initiated: 01/04/06

1. Specific complaint (one 8 1/2" X 11" continuation page may be attached): Good Time Conduct (GTC) BOP PS of 5884.28 to recalculate GTC is invalid, not presently an effective rule until 5/06, thus failing to comply with the APA of 5 USC 9552. There is another GTC rule to calculate prisoners sentence of release.

2. What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken? Copout / ISM visit

3. What Action does the inmate wish to be taken to correct the issue? Recalculate my GTC under PS of 5100-07 at 6-8, which states that I serve 85% of the sentence imposed.

Correctional Counselor's Comments (including actual steps taken to resolve): Your good conduct time has been credit credit according to the BOP policy.

Correctional Counselor [signature]   Date: 1-5-6

Staff Circle One: Informally Resolved / **Not Informally Resolved** (circled)

Unit Manager's Review [signature]   Date: 1/5/6

Distribution by Correctional Counselor:

1. If complaint is informally resolved, forward original to Administrative Remedy Clerk for filing.

2. If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | BP-8 Issued to Inmate | BP-8 Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin. Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1-5-6 | 1-5-6 | 1-5-6 | 1-10-6 | |
| Time: | 4:10p | 855p | 3:40p | 330 | |
| Counselor: | JS | JS | JS | JS | |

RECEIVED JAN 12 2006

Exhibit (A)

FILED
JUL 31 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| U.S. DEPARTMENT OF JUSTICE | REQUEST FOR ADMINISTRATIVE REMEDY |
|---|---|
| Federal Bureau of Prisons | |

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Gomez, Julio**     52714-004     A/3     FCC-Coleman
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

### Part A- INMATE REQUEST [ADMINISTRATIVE PROCEDURE ACT VIOLATION ON GCT]

Since the GCT rule of PS §5884.24/28 CFR 523.20 was [never] promulgated through the <u>notice</u> and <u>comments</u> provisions of the APA of 5 USC §553, then such GCT rules can not be exercised to calculate this inmates or any other federal inmates GCT. Thus, this agency must undertake calculation of GCT under another rules. That rule is PS §5100.07 at 6-8, which states that GCT will be calculated as 85% of the sentence imposed rounded off to the nearest whole-number. Further, the rule of lenity will apply to interpret 18 USC §3624(b) since this agency never promulgated its GCT rule under the APA. This inmate's GCT must now be recalculated under P5100.07 or under <u>the rule of lenity</u>. There's no need to say more.

01/09/06
DATE                          SIGNATURE OF REQUESTER

### Part B- RESPONSE

1/31/06
DATE                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE        CASE NUMBER: 400367-F1

CASE NUMBER: 400369-F1

### Part C- RECEIPT

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

DATE                          RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982
USP LVN

NAME: Gomez, Julio
REGISTER NUMBER: 52714-004
CASE NUMBER: 400369-F1

This is response to your request for Administrative Remedy, receipted in this office on January 12, 2006. You request your Good Conduct Time Days be adjusted to reflect 85% of the sentence imposed.

A careful review of your records reveals you are eligible to earn 54 days of credit towards the completion of your sentence for each year you have spent in custody. Specifically, your sentence has been computed beginning on June 29, 1998. After factoring in all jail credit, you have been considered for an award of up to 54 days of good conduct credit for each year in custody, beginning at the end of your first year in service of this sentence on May 7, 1998. You have been reviewed every year on May 7, to determine any good conduct time you have earned. You have earned 54 days for each year you have spent in custody thus far. You have been eligible to earn and have been awarded 54 days of good conduct time towards completion of your sentence on an annual basis. You are eligible to earn up to 54 days of good conduct time towards service of the remainder of your sentence annually, and may tentatively earn the prorated amount of 3 days of good conduct time for the final partial year you are projected to spend in custody.

Through 18 U.S.C. § 3624(b), the Bureau is only given statutory authority to award up to a maximum of 54 days towards completion of an inmate's sentence annually. These statutory mandates are clear and are embodied in Bureau Program Statements which guide staff to properly compute sentences. In order to award the number days you allege you should be eligible to earn, the Bureau would have to either award more days than authorized by the statute or make the award more often than authorized by statute. Even if the Bureau were to calculate a "year" by taking the number of days awarded for good conduct the preceding year and add to the number of days necessary to equal 365 days, there is still insufficient time. There are not enough annual periods during your time spent in Bureau custody to make awards based upon multiplying the sentence imposed by 54 days.

Based upon the foregoing, your good time awards and projected eligibility have been determined consistent with 18 U.S.C. § 3624(b) and Bureau policy. Accordingly, your Request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal by filing a BP-10 to the BUREAU OF PRISONS, SOUTHEAST REGIONAL OFFICE, ATTN.: REGIONAL DIRECTOR, 3800 CAMP CREEK PARKWAY, SW., BUILDING 2000, ATLANTA, GA, 30331-6226, within 20 calendar days from the date of this response.

_____
Charles L. Lockett, Deputy Warden

1/31/06
_____
Date

U.S. Department of Justice

Federal Bureau of Prisons

# Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __GOMEZ  JULIO_____  __52714-004__   __A/3__   __FCC-Coleman__
           LAST NAME, FIRST, MIDDLE INITIAL             REG. NO.      UNIT          INSTITUTION

Part A—REASON FOR APPEAL   [ADMINISTRATIVE PROCEDURE ACT, 5 USC §553, VIOLATION]

   This inmate adopts the facts, issue and arguments as stated in the BP-9 for the instant appeal and further states;

   The Warden response does not answer the argument as put forth by this inmate that this Agency either never promulgated its GCT rule of 28 CFR 523.20 through the <u>notice</u> and <u>comments</u> provisions of the APA of §553 and/or the GCT rule is not legally effective unitl 5/06 since its not a final action until then. See, <u>Fed. Register</u>/Vol. 70, No. 209/Monday, Oct. 31, 2005 at 64861.

   Thus, under either alternative above, this Agnecy GCT rule of §523.20 is <u>not</u> applicable to this inmate and every other federal inmate and instead, rule PS § 5100.07 at 6-8 becomes the only applicable and effective rule to calculate this inmate's GCT. Which is, 85% of the sentence imposed rounded off to the nearest whole number.

__FEB. 09th 2006__                                   _____
       DATE                                          SIGNATURE OF REQUESTER

Part B—RESPONSE










_____                               _____
       DATE                                          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                           CASE NUMBER: _____

-----------------------------------------------------------------------------

Part C—RECEIPT

                                                     CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____                               _____
       DATE                                          SIGNATURE RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

Regional Administrative Remedy Appeal No. 400369-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted February 13, 2006. You state your sentence computation is incorrect. You state the Bureau of Prisons has misinterpreted Title 18 U.S.C. §3624(b) and erred in awarding good conduct time based on time served. You contend a prisoner is only required to serve 85% of a federal sentence. It is also your contention §523.20 of Title 28, Code of Federal Regulations is not applicable in awarding good conduct time to a federal prisoner. You request the good conduct time award be recalculated based on the total sentence.

Records indicate you were sentenced on June 29, 1998, in the Southern District of Florida, to a term of 235 months for Conspiracy And Possession With Intent To Distribute Cocaine. Based on the time required to serve toward the sentence, the projected total good conduct time you may earn is 921 days. Title 18 U.S.C. Section 3624(b) states, "A prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." Good conduct time is awarded based on time actually served toward a sentence, not the total sentence. You may earn 54 days per year for each year served until there is less than a year remaining to serve. The final award of good conduct time will be prorated based on the time required to serve on the partial year. There is no statutory or other provision to award good conduct time based on the total sentence. The effective date of §523.20 of Title 28, Code of Federal Regulations was September 26, 1997.

Furthermore, the Federal Bureau of Prisons' interpretation of Title 18 U.S.C. §3624(b) has been upheld by the First, Third, Fifth, Seventh, Eighth, Ninth and Eleventh Circuit Courts of Appeal.

Your Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the Office of General Counsel, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 calendar days of the date of this response.

_____
Date

_____
Regional Director, SERO

U.S. Department of Justice  
Federal Bureau of Prisons

# Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __GOMEZ    JULIO__   __#52714-004__   __A/3__   __FCC-Coleman__
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A—REASON FOR APPEAL** [28 CFR 523.20 PROMULGATED IN VIOLATION TO APA, 5 USC 553]

Good Conduct Time of 28 CFR 523.20 is currently **not** FINAL ACTION-effective rule-until May/06. See, **Federal Registery /Vol. 70. No. 209/Monday, Oct. 31, 2005 at 64861.**

Thus, SERO response that GCT rule became effective on September 26, 1997, is erroneous. This Agency has once before also violated the APA of 5 USC §553 when promulgating a rule, drug abuse program, on Oct. 15, 1997 and then later complying with the APA by republishing the same rule as FINAL ACTION-effective rule- on DEC. 20, 2000. See, Paulsen v. Daniels, 413 F.3d 999 (9th Cir. 2005)

Obviously then, after reviewing Paulsen above, the GCT rule of §523.20 is not legally applicable to this inmate nor any other federal inmate until May/05 thus, rule PS §5100.07 at 6-8 becomes then the only applicable GCT rule at this time. This inmate's GCT should be calculated as 85% of the sentence imposed.

__4/11/06__ DATE                                   SIGNATURE OF REQUESTER

**Part B—RESPONSE**

---

_____ DATE                                   _____ GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                      CASE NUMBER: _____

**Part C—RECEIPT**

                                                CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

_____ DATE                                   SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                         BP-231(13)
                                                APRIL 1982

1

### § 523.20 Good conduct time.

(a) For inmates serving a sentence for offenses committed on or after November 1, 1987, but before September 13, 1994, the Bureau will award 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year.

(b) For inmates serving a sentence for offenses committed on or after September 13, 1994, but before April 26, 1996, all yearly awards of good conduct time will vest for inmates who have earned, or are making satisfactory progress (see § 544.73(b) of this chapter) toward earning a General Educational Development (GED) credential.

(c) For inmates serving a sentence for an offense committed on or after April 26, 1996, the Bureau will award

(1) 54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma; or

(2) 42 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.

(d) Notwithstanding the requirements of paragraphs (b) and (c) of this section, an alien who is subject to a final order of removal, deportation, or exclusion is eligible for, but is not required to, participate in a literacy program, or to be making satisfactory progress toward earning a General Educational Development (GED) credential, to be elibible for a yearly award of good conduct time.

(e) The amount of good conduct time awarded for the year is also subject to disciplinary disallowance (see tables 3 through 6 in § 541.13 of this chapter).

[62 FR 50786, 50787, Sept. 26, 1997; 70 FR 66752, 66754, Nov. 3, 2005]

[EFFECTIVE DATE NOTE: 70 FR 66752, 66754, Nov. 3, 2005, revised this section, effective Dec. 5, 2005.]

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement

**Administrative Remedy No. 400369-A1**
**Part B - Response**

You contend the Bureau of Prisons has incorrectly calculated the amount of Good Conduct Time you may earn during your term of imprisonment.

You are serving a sentence of 235 months imposed on June 29, 1998, for offenses committed on July 27, 1995. The version of § 3624(b) authorizing the Bureau to award GCT in your case provided the following: "A prisoner who is serving a term of imprisonment of more than one year, other than [life], shall receive credit toward the service of his sentence, beyond the time served, of fifty-four days at the end of each year of his term of imprisonment, beginning at the end of the first year of the term, unless the Bureau of Prisons determines that, during that year, he has not satisfactorily complied with . . . institutional regulations . . . Credit for the last year or portion of a year of the term of imprisonment shall be prorated . . ." The interpretation of § 3624(b) by the Bureau is contained in 28 C.F.R. § 523.20, which provides that "an inmate earns 54 days credit toward service of a sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year." The method of calculation is set forth in Program Statement 5880.28, <u>Sentence Computation Manual - CCCA</u>, pgs. 1-40 and 1-41: "54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being prorated for the last partial year." BOP interprets the statute to require deduction of the time served (one year) and good conduct time earned (up to 54 days) off your sentence at the end of the actual service of each year. As each year of actual service ends, another deduction is made for the time served and good conduct time earned for the year. Good conduct time is awarded proportionally based on actual time served in the last partial year. The Bureau has reasonably interpreted this statute to require properly awarded good conduct time to be subtracted from the remainder of the sentence, not from the year already served. If the Bureau computed GCT in the manner you request as relief, then it would violate the statutory mandate that the GCT be awarded at the end of each year of the prisoner's term of imprisonment. The institution properly computed your sentence and correctly applied BOP's method for awarding good conduct time.

Your appeal is denied.

May 30, 2006
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals