```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
```

JULIO GOMEZ,                          )
                                      )
        Plaintiff,                    )
                                      )
    v.                                ) Civil Action No. 06-1346 ESH
                                      )
DEPARTMENT OF JUSTICE, et al.,        )
                                      )
        Defendants.                   )
_____)

## DEFENDANTS' MOTION TO DISMISS

Defendants, the United States Department of Justice ("DOJ") and the Federal Bureau of Prisons ("BOP"), hereby move, pursuant to Fed. R. Civ. P. 12(b)(1), (2), (3), (6) and (7), to dismiss the Complaint in this action.[1]  In support of this motion, the

---

[1] To the extent that the Court might rely on materials outside of the Complaint, the Court may treat this motion as one for summary judgment.  Fed. R. Civ. P. 12(b); 56.  Plaintiff should take notice that any factual assertions contained in the documents cited in support of this motion may be accepted by the Court as true unless plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the documents.  See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992); Local Rule 7(h); Fed. R. Civ. P. 56(e):

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise

Court is respectfully referred to the accompanying memorandum of points and authorities. A proposed Order consistent with this motion is attached hereto.

                                        Respectfully submitted,

                                        _____
                                        JEFFREY A. TAYLOR, DC Bar #498610
                                        United States Attorney

                                        _____
                                        RUDOLPH CONTRERAS, DC Bar #434122
                                        Assistant United States Attorney

                                        _____
                                        W. MARK NEBEKER, DC Bar #396739
                                        Assistant United States Attorney

---

    provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIO GOMEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1346 ESH |
| ) | |
| DEPARTMENT OF JUSTICE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

I.   INTRODUCTION

Plaintiff, a Federal prisoner housed in Coleman, Florida, has initiated this action challenging the method used by the BOP in calculating Plaintiff's Good Conduct Time ("GCT") under 18 U.S.C. § 3624(b), which provides in relevant part:

> b) Credit toward service of sentence for satisfactory behavior.--
>
>     (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.  Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate.  In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has

>earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.
>
>(2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act[1] shall vest on the date the prisoner is released from custody.

18 U.S.C. § 3624. Specifically, Plaintiff alleges several theories under which he claims the statute should result in a reduction for Good Conduct Time so that he would serve 85% of his sentence rather than the BOP's calculation of 87.2% of the sentence. Complaint at 3-4. According to the attachments to Plaintiff's Complaint, he was sentenced on June 29, 1998, in the Southern District of Florida, to a term of 235 months for Conspiracy And Possession With Intent To Distribute Cocaine. Complaint, Exhibit at 4. Plaintiff seeks "Mandamus relief and/or injunctive relief and/or declaratory relief and/or equitable relief by the Court ordering the defendants to recalculate every federal prisoners [sic] (GCT) under PS [Program Statement] § 5100.07 at 6-8 and/or ordering the defendants to interpret § 3624(b) to mean 54 days for each year of the sentence imposed or 85% of the sentence imposed." Complaint at 4. Although many

---

[1] The Prison Litigation Reform Act was enacted in 1996. See Riley v. Kurtz, 361 F.3d 906, 911 (6th Cir. 2004).

Courts have approved BOP's calculation method,[2] because Plaintiff

---

[2] See Moreland v. Federal Bureau of Prisons, 431 F.3d 180, 186-87 (5th Cir. 2005) (concluding that Section 3624(b)(1) "unambiguously directs how good-conduct credits are to be calculated and applied, which is up to 54 days 'at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term.'"); Williams v. Dewalt, 2005 WL 4705074, *1 (D.Md. Dec. 22, 2005), aff'd sub nom Johnson v. Dewalt, No. 06-6351, 2006 WL 2258058, *1 (4th Cir. Aug. 3, 2006).

> The Fourth Circuit decided Yi v. Brooks, 412 F.3d 526, 2005 WL 1413897 (4th Cir. June 17, 2005), in favor of the Bureau of Prisons, joining all other appellate courts that have ruled on this issue in upholding the method used by the BOP to award good time credits. Id.; see also White v. Scribana, 390 F.3d 997, 1002-03 (7th Cir. Dec. 2, 2004); Pacheco-Camacho v. Hood, 272 F.3d 1266, 1268-69 (9th Cir. 2001); Brown v. Heminginway, 53 Fed. Appx. 338, 339, 2002 WL 3185147 (6th Cir. 2002) (unpublished decision); Williams v. Lammana, 20 Fed Appx. 360, 361, 2001 WL 11306069 (6th Cir. 2001) (unpublished decision). The Yi Court found § 3624(b) to be ambiguous and deferred to the BOP's interpretation of the statute pursuant to Chevron U.S.A., Inc. v. Natural Res. Def. Counsil [sic], Inc., 467 U.S. 837, 842 (1984). In light of the foregoing, Petitioners are not entitled to the computation of good time credits they seek. . .

Williams v. Dewalt, 2005 WL 4705074, *1. Similarly, Plaintiff's claim that BOP improperly promulgated an amendment to 28 C.F.R. § 523.20 because the amendment was not "published in the APA [Administrative Procedure Act]," Complaint at 3, misstates the location where regulations are typically codified. They are found in the Code of Federal Regulations, not in agency amendments to statutes. See 44 U.S.C. § 1510. And, if Plaintiff is seeking review under the APA of a particular BOP decision to award him certain GCT under 18 U.S.C. § 3624(b), his claim is barred by 18 U.S.C. § 3625. Section 3625 provides: "The provisions of sections 554 and 555 and 701 through 706 of Title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter [Subchapter C, including 18 U.S.C. §§ 3621 through 3626]". 18 U.S.C. § 3625.

must proceed by way of a writ of habeas corpus, which must name his custodian (i.e., his warden), and because such an action must be brought in a jurisdiction where the Court can exercise personal jurisdiction over the warden, Plaintiff's case cannot proceed here. Thus, for the reasons set forth herein, this action should be dismissed.

## II.  ARGUMENT

Judicial review under the Administrative Procedure Act cannot be obtained through a civil complaint if the subject matter of the plaintiff's claims involves the legality of his custody. Under 5 U.S.C. § 703:

> The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction. If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer. Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement.

5 U.S.C. § 703. The only "form of legal action" that is applicable when the plaintiff's claim "involves proof of a fact that would also be essential to a habeas action" is, however, a habeas action. See Razzoli v. Federal Bureau of Prisons, 230 F.3d 371 (D.C. Cir. 2000); see also Bourke v. Hawk Sawyer, 269

-4-

F.3d 1072, 1074 (D.C. Cir. 2001) (even where a prisoner's claim that he was illegally denied a chance to secure his release would not necessarily result in his being released any earlier, it would raise that possibility and thus have a probabilistic impact on the duration of his custody, requiring that he resort to habeas in the jurisdiction of his incarceration).  Habeas corpus is the exclusive remedy for any prisoner who seeks to gain earlier release or even to improve his chances of earlier release.  See Chatman-Bey v. Thornburgh, 864 F.2d 804, 809 (D.C. Cir. 1988) (en banc); see also Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

    In this case, Plaintiff is contesting the length of his confinement.  See, e.g., Complaint at 3a, ¶ D ("The defendants violated the Constitution, statutory and APA § 553 rights by not calculating prisoners [sic] GCT under a valid and effective rule. . ."); id, ¶ F (" The defendants are acting arbirtary and capricious by interpretating [sic] 18 USC § 3624(b) to mean (54) days for each year served and not (54) days from each year of the sentence imposed. . .").  It has long been established in this circuit that a federal prisoner's attack on the "fact or duration" of his confinement is relegated to habeas relief which

must be brought in the federal district of incarceration. Chatman-Bey v. Thornburgh, 864 F.2d 804 (D.C. Cir. 1988) (en banc).

In Chatman-Bey, the court stated:

> [The U.S. Supreme Court case of Preiser v. Rodriguez] . . . makes clear that, as a matter of Congressional intent, prisoners mounting a challenge to the lawfulness of their custody are to proceed by means of habeas.

Chatman-Bey, 864 F.2d at 809, citing, Preiser v. Rodriguez, 411 U.S. 475 (1973).

In Guerra v. Meese, 786 F.2d 414 (D.C. Cir. 1986), it was held that a district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner. See Chatman-Bey v. Thornburgh, supra, at 810 (reaffirming that "the appropriate defendant in a habeas action is the custodian of the prisoner," and also holding that the "custodian" of a federal prisoner seeking release on parole is the warden of the prison in which he is confined); Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (same); see Anyanwutaku v. Moore, 151 F.3d 1053, 1055 (D.C. Cir. 1998).[3]  In

---

[3] Plaintiff, unlike the prisoner in Anyanwutaku, 151 F.3d at 1055-57, has not brought, and indeed could not bring, a claim for money damages, because there has been no waiver of sovereign immunity for such a claim. See Clark v. Library of Congress, 750 F.2d 89, 102-104 (D.C. Cir. 1984) (sovereign immunity acts as a bar to a damages remedy against the Librarian of Congress in an official capacity); see also FDIC v. Meyer, 510 U.S. 471, 478 (1994) (a constitutional tort claim is not cognizable under the FTCA); Settles v. U.S. Parole Commission, 429 F.3d 1098, 1106 (D.C. Cir. 2005) (sovereign immunity bars statutory claims

this instance, Plaintiff remains in Florida, not the District of Columbia. Thus venue in this court is not proper. Nor has Plaintiff named his Warden as a defendant, as required. And this Court could not exercise personal jurisdiction over the Warden even if he were named as defendant.

This conclusion that habeas is the sole remedy available under the circumstances applies equally to a claim brought under the Administrative Procedure Act. LoBue v. Christopher, 82 F.3d 1081, 1082-84 (D.C. Cir. 1996) (where the plaintiff has available a habeas remedy in another district, he cannot pursue declaratory relief in the District of Columbia). Indeed, in LoBue, the Court recognized that another panel of the Court had allowed a claim to proceed by way of the APA when habeas was also available,[4] but noted that subsequent Supreme Court authority[5] had undercut the ability to rely on the APA in such circumstances. LoBue v. Christopher, 82 F.3d at 1083.

The APA is not a grant of subject matter jurisdiction that trumps the habeas corpus statute when the issue is the fact or duration of physical imprisonment. See Billiteri v. U.S. Board of Parole, 541 F.2d 938, 946 (2d Cir. 1976). For instance, a

---

against a government agency).

[4] See Hurley v. Reed, 288 F.2d 844 (D.C. Cir. 1961).

[5] See Califano v. Sanders, 430 U.S. 99, 104-107 (1977) (rejecting the idea that section 10 of the APA is a grant of jurisdiction).

prisoner gains judicial review of a parole denial by bringing a habeas petition.  See Brown v. Lundgren, 528 F.2d 1050, 1054 (5th Cir. 1976).

Plaintiff is apparently challenging the fact or duration of his custody when he challenges as arbitrary and capricious the BOP's decision to limit his GCT.  If Plaintiff is seeking relief that would raise that possibility of earlier release and thus have a "probabilistic impact" upon the duration of his custody, then he may only proceed by way of a petition for habeas relief. Bourke v. Hawk Sawyer, 269 F.3d 1072, 1074 (D.C. Cir. 2001); Razzoli, 230 F.3d at 376 ("a habeas challenge must be brought against the *custodian*, a rule that channels such claims into the federal court with jurisdiction over the claimant's prison") (emphasis in original); Chatman-Bey,864 F.2d at 809.

On the other hand, if the resolution of the challenges Plaintiff raises to BOP's GCT decision will not affect his release, then he is barred from litigating them in Federal Court for both statutory and constitutional reasons.  Under the APA, even if it applied, such inconsequential errors are harmless. See 5 U.S.C. § 706;[6] Gerber v. Babbitt, 146 F. Supp.2d 1, 4-5 (D.D.C. 2001) (procedural violation that clearly had no bearing

---

[6] In making the determinations under section 706, the reviewing court shall review the whole record or those parts of it cited by a party, and "due account shall be taken of the rule of prejudicial error".  5 U.S.C. § 706.

-8-

on the substance of the decision reached was harmless) (<u>citing</u> 5 U.S.C. § 706; <u>Steel Manufacturers Ass'n</u> v. <u>EPA</u>, 27 F.3d 642, 649 (D.C. Cir. 1994); and <u>Chemical Mfrs. Ass'n</u> v. <u>EPA</u>, 870 F.2d 177, 202, <u>clarified</u>, 885 F.2d 253 (5th Cir. 1989)).  Under Article III of the Constitution, this Court has jurisdiction only over cases or controversies, may not render advisory opinions and must, accordingly, assess whether it may afford meaningful relief.  <u>See</u> <u>McBryde</u> v. <u>Committee to Review Circuit Council Conduct and Disability Orders of Judicial Conference of U.S.</u>, 264 F.3d 52, 55 (D.C. Cir. 2001).[7]  Only if the Court has jurisdiction over the Plaintiff's custodian may it afford meaningful relief, and then it would be in the context of habeas relief.[8]

---

[7] This same case or controversy requirement precludes the Plaintiff from seeking relief on behalf of other prisoners. Under such circumstances, he cannot establish standing to pursue such third-party claims.  It is settled that in order to establish standing under Article III of the Constitution, plaintiffs must clearly demonstrate that they have: (1) suffered an injury in fact, an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) which is fairly traceable to the challenged act; and (3) which is likely to be redressed by a favorable decision. <u>Steel Co.</u> v. <u>Citizens for a Better Environment</u>, 523 U.S. 83, 102-103 (1998); <u>Lujan</u> v. <u>Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1993); <u>National Treasury Employees Union</u> v. <u>United States</u>, 101 F.3d 1423, 1427 (D.C. Cir. 1996).

[8] Fed. R. Civ. P. 12(b)(7) calls for dismissal for "failure to join a party under Rule 19."  That rule, in turn, calls for joinder of persons if, "in the person's absence complete relief cannot be accorded among those already parties". Fed. R. Civ. P. 19(a).  Where the person cannot be made a party, but is indispensable, the court shall dismiss the matter. Fed. R. Civ. P. 19(b).  As noted above, the prisoner's custodian is a

Hence, under <u>Chatman-Bey</u>, <u>supra</u>, Plaintiff's complaint sounds in habeas corpus, and cannot be permitted to proceed as a civil complaint.  When an inmate in a federal prison files a civil action in the District of Columbia challenging the lawfulness of his custody, his case must either be dismissed or transferred to the jurisdiction where the prisoner's immediate custodian is located.  <u>See</u> <u>Bourke</u> v. <u>Hawk Sawyer</u>, 269 F.3d 1074; <u>In re Tripati</u>, 836 F.2d 1406, 1407 (D.C. Cir. 1988); <u>Guerra</u> v. <u>Meese</u>, 786 F.2d 414 (D.C. Cir. 1986).

---

necessary party in an action such as this.

-10-

### III.  CONCLUSION

For these reasons, Plaintiff has failed to state a claim for relief within this Court's jurisdiction under the Administrative Procedure Act or, indeed, under any theory.  Accordingly, this action should be dismissed.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendants' Motion To Dismiss, memorandum in support thereof and a proposed order has been made by mailing copies thereof to:

JULIO GOMEZ
Reg. No. 52714-004
FCC-Coleman Low Complex
P.O. Box 1031
Coleman, FL  33521-103

on this 16th day of October, 2006.

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230