UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

NOV 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JULIO GOMEZ,

    Plaintiff,

 -against-

DEPARTMENT OF JUSTICE, el al.,

    Defendants.

_____/

CIVIL ACTION No. 06-1346 (ESH)

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Julio Gomez (hereinafter Gomez) in proper person and pursuant to the applicable rules of FRCP and this Court's order of Oct. 17, 2006, hereby files his response to defendant's motion to dismiss/summary judgement.  Defendants comes up short.

In support thereof, Gomez states;

### I
### Statement of Case and Facts

1.  Gomez filed a civil action under 28 USC §1331 and/or §1361 and/or 5 USC §701-06 and requested class certification, urging that defendants violated and are violating the Administrative Procedure Act (hereinafter APA) of 5 USC §553 and Constitutional Rights by calculating federal prisoners Good Time Conduct (hereinafter GTC) through a noneffective nonfinal Action rule of 28 CFR §523.20.[1]  Gomez requested relief is that the court concludes that the GCT rule is noneffective thus invalid ordering defendants to recalculate  every federal prisoners GCT under another rule that is effective, PS §5100.07 at 6-8, and/or under 18 USC §3624(b) itself favoring lenity since §523.20 is not a

_____

[1]
    Gomez also urged the same APA violations for defendants never promulgating the GTC rule through the notice and comment provision of the Act and/or for making the rule effective from the date of publication rather than 30 days after publication.

a final and effective rule at this time.

2.   Defendants dispositive pleading, through counsel, suggests that this Court lacks jurisdiction to entertain such APA challenges because Gomez's claims must proceed by-way of a writ of habeas corpus in the district of his confinement, and in alternative defendants also suggests that even if there's a valid APA claims that is not challenging the fact or duration of confinement, any error will be consider harmless.

Defendants are not only far from the truth but are also hidding the truth.

## II
### Argument

3.   Defendants attempts to bring logic to its argument by forwarding that Gomez APA claims is an attack on the fact or duration of his confinement.[2]  They are mistaken.[3]

**(A)** Not Contesting Length of Confinement:

Gomez APA challenges has nothing to do with contesting the length of his sentence but instead,[4] defendants  acting arbitrary when calculating GTC through a noneffective regulation.[5]

---

[2]   None of the cases cited by defendants entertained the APA claims here or otherwise determined that federal prisoners APA challenges are available only through habeas corpus.

[3]   Although  several circuit courts have uphelded prisoners challenges to the GTC rule as defendants suggested and cited, those cases had nothing to do with the rules promulgation thru the APA.

[4]   Defendants are correct that Gomez erroneously stated, at complaint p.3, that amending the GTC rule was not publish in the APA. Def. at p.3. Obviously, defendants attacks on Gomez's mistake concedes that such APA claims is not an attack of the fact or duration of confinement.

[5]   Defendant "apparently" do not know themselves. Suggesting at p.8; "that plaintiff is apparently challenging the fact of his confinement when he challenges as arbitrary and capricious the BOP decision to limit his GTC", is unfounded. Gomez is clearly not claiming APA violation for not being awarded more GTC.

It's a clear procedural challenge,[6] and not a challenge that will raise the possibility of a probilistic impact on the duration of Gomez's custody, as defendants are suggesting when citing circuit precedents.[7]

Since we do know what is there to come if the court grants the relief requested, invalidate the GTC rule and ordering promulgation of new rules or other rules to recalculate federal prisoners GTC, then we don't know if there exist any possibility of earlier release until _after_ defendants have complied with the court's order.[8]

---

[6]
This district and circuit courts have entertained civil action by federal prisoners challenging BOP rules under the APA. Rodley v. Lappin, 2006 US Lexis 19418; Kimberlin v. US, 318 F.3d 228 (D.C Cir. 2003); Starchild v. FBOP, 991 US Dist. Lexis 1149; Ramier v. Saxbe, 522 F.3d 695 (D.C. Cir. 1975)

[7]
Defendants citations to Razzoli v. FBOP, 230 F.3d 371 (D.C. Cir. 2000); Bourke v. HawkSawyer, 269 F.3d 1072 (D.C. Cir. 2001); LoBue v. Christopher, 82 F.3d 1081 (D.C. Cir. 1996) and Chatman-Bey v. Thornburgh, 864 F.2d 804 (D.C. Cir. 1988) en banc, to support its argument under circuit precedents that habeas corpus is the only avenue if the claims raised will have a probilistic impact on the fact or duration of confinement, does not tell us the truth on which case is the controlling authority under circuit precedent to the facts of this civil action. First, Razzoli involved a federal prisoner challenges that the US Parole had wrongly delayed the time at which he would be eligible for parole. Bourke involved early-release credits under 18 USC §3621(e). LoBue involved extradiction and Chatman-Bey involved federal prisoner challenge to the determination of eligibility for parole. None of these cases involved the APA challenges here but wait, we do have a controlling authority not mention or cited by defendants. That is, Pickus v. US, 507 F.2d 1107 (D.C. Cir. 1974)(Federal prisoners APA challenges to procedures affecting parole determinations) Pickus was not disturb by either Razzoli nor Bourke because it wasn't even cited or mention. Pickus was cited and mention in LoBue without disapproval and most important, cited by the concurring opinion in Chatman-Bey with approval to distinguish its holdings to the facts of the case. An en banc court, which was Chatman-Bey, is the only authority that can overrule interconflict panel opinions. La Shawn A. v. Barry, 87 F.3d 1389 (D.C. Cir (1996). Since Chatman-Bey did not overruled Pickus and since neither LoBue ever even cited a "Iron footnote"to overrule the precedent value of Pickus, see In re Sealed Case No. 97-3112, 181 F.3d 128 (D.C.Cir. 1999), then obviously Pickus is binding authority on point and should be follow by the court in this case.

[8]
Defendants other suggestion that 18 USC §3625 bars Gomez's APA claims, is also not the truth. Miller v. US, 964 FS 15 (D.D.C. 1996)(Prisoner not challenging BOP determination, decision, and order refusing to release him from custody, instead challenging the rule structurals underlying BOP implementions of early-release) See also, Faeges v. Thompson, 1997 US Dist. Lexis 23844 (D.D.C. 1997) and Martin v. Gerlinski, 133 F.3d 1076 (8th Cir. 1998) Defendants are also mistaken that Gomez cannot seek relief on behalf of other prisoner since Gomez requested class certification.

This Court's door to Gomez's civil action here under §1331/701-706 claiming APA violations,[10] should not be closed.[11]

Gomez should not be lockout in the cold.[12]

(B) <u>US Supreme Court Precedent</u>:

Assuming arguendo that this Court is inclining to find lack of jurisdiction, then the US Supreme Court decision of **Dotson**[13] should compel the reverse.[14]

---

10

Obviously defendants suggestion that dismissal is warranted under FRCP 12(b)(7) because Gomez's custodians is not a party to the action under FRCP 19, is misplace since there is jurisdiction in this court with the present defendants both a department and agency within this district court area.

11

Gomez is foreclosed from filing a habeas corpus in the district of his confinement because the court there has closed its door. In Shope v. BOP, 05CV00487 (M.D. Fl 2006), Ocala Division, a federal prisoner from Gomez's facility filed a habeas §2241 claiming the same APA violations to the GTC rule. The only district judge there foreclosed Shope's APA challenges by concluding that such claims "must be pursued in accordance with the judicial review provision of the APA". Attached Exhibit (A). Where then is Gomez to go if the availability of habeas is efficacious? See, Boyer v. Conaboy, 983 F.3d 4 (D.D.C. 1994) citing Chatman-Bey n2. The same prisoner who assisted Shope in its filing is the same prisoner who is assisting Gomez here. This prisoner decided to file this civil action in this district and not a habeas corpus in the district of Gomez's confinement because of the court's ruling in Shope. Gomez's action here should be understandable. Davis v. Dist. of Columbia, 158 F.3d 1347 (D.C. CIr. 1998)(Prisoners rights to access to courts)

12

Pleadings filed by pro-se litigants are liberally construed and are held to less stringent standards then are applied to pleadings prepared by attorneys. Bradley v. Smith, 2006 US Dist Lexis 25309 (D.C. Cir. 2006) If this Court determines that certain of the APA claims raised are in fact habeas claims, Gomez requests then that the court should find jurisdiction on the remaining APA claims and transfer the habeas claims to Gomez's place of confinement. American Farm Bureau v. US EPA, 121 FS2nd 84 (D.DC. 2000); Barfield v. US, 2005 US Dist Lexis 38 882 (D.D.C. 2005)(Transferring only habeas claims to district of confinement). Or the court in the alternative allow Gomez to amend his complaint with only the APA claims. APCC Servs v. Cable Wireless, 281 FS2nd 52 (D.D.C 2003); Graves v. US, 961 FS 314 (D.D.C. 1997)

13

Wilkinson v. Dotson, 544 US 74 (2005)

14

Dotson involved state prisoner challenging parole procedures are permitted to bring action under 42 USC 1983 when relief requested was to render invalid the state procedures used to deny parole eligilty.

The Dotson Court's holding has brought upon doubts to this circuit authority of Chatman-Bey and all the cases that follow adopting its holding that habeas corpus is warranted if the claims raised will have a probabilistic impact upon the fact or duration of confinement.[15] Dotson ruled that habeas corpus is unnecessary when the relief sought would not necessarily invalidate the duration of confinement-either directly through an injunction compelling speedier release or directly through a judicial determination that necessarily implies the unlawfulness of custody.[16]

Obviously here, Gomez requested relief through the APA challenges raised, will not terminate custody or accelerate the future date of his release but instead, GTC will be recalculate under new rules or other existing rules just like Dotson requested new rules to parole eligibility.[17] A clear procedural challenge.[18]

---

[15]
   In Fletcher v. Dist. of Columbia, 320 F.3d 1223 (D.C. Cir. 2001) the court there stated that since the US Supreme Court had not "had occasion to rule definitively" on what claims are require to be brought via-way of habeas corpus, it will continue to follow precedents. That is now nolonger the case. Recently in Ali v. Reily, 2006 US App Lexis 15587 (D.C. Cir.) June 14, 2006, the court vacated a transfer order for habeas corpus jurisdiction and remanded the case to the district court because of Dotson. Other circuit courts are doing the same. See, Yourdon v. Johnson, 128 Fed. Appx 833 (2nd Cir. 2005); Overman v. Beck, 2006 US App Lexis 15262 (4th Cir. 2006); Brown v. Dretkle 2006 US App Lexis 13916 (5th Cir. 2006)

[16]
   The Dotson court findings that the exception to §1983 coverage for claims at the core of habeas corpus relief in Preiser v. Rodriguez, 411 US 475 (1973), does not include procedural challenges when relying under §1983 was left available by the court's subsequent holding in Wolf v. McDonald, 418 US 539 (1974)

[17]
   When a reviewing court determines that agency regulation are unlawful the ordinary result is that the rule are vacated-not that their application to the individual petitioner is proscribed. National Mining Ass's v. US Army of Eng, 145 F.3d 1399 (D.C. Cir. 1998)

[18]
   APA claims under §553 are procedural challenges. Kennecott Utah Copper Corp v. US DOI, 88 F.3d 1191 (D.C.Cir. 1996); Back Country Horseman of America v. Johanns, 424 FS2nd 89 (D.D.C. 2006)

There's no need to say more.[19]

### III

#### Merits

4.  Defendants is a desprete attempt to refute Gomez's claims on
the merits, suggests that any APA error will be harmless.

Defendants are not telling.

Not only are the cases cited by defendants nondispositive,[20]
defendants have also failed to produce the administrative record
to determine if indeed the error could be consider harmless.[21]

----------------

[19]
    The only remaining issue relevant is venue. Defendants motion to dismiss
under FRCP 12(b) fails to dispute venue or to request transfer for lack of
jurisdiction over the present defendants if the court does have subject matter
jurisdiction under §1331/701-06. Defendants motion to dismiss only requested
venue transfer because of their arguments that habeas corpus only lies to the
immediate custodian. That was all. In fact, by addressing the merits of the APA
defendants concedes venue here is proper under §1331. Nevertheless, defendants
has waived the issue. Chatman-Bey v. Thornburgh, 864 F.2d 804, 813 (D.C.Cir. 1988);
2215 Fifth St. Assoc, LP v. UpHaul, 148 FS2nd 50 (D.D.C 2001). In any event, under
28 USC §1391 all the defendants here is the department and the agency itself that
headquarter are located in this district. Although in Dominguez v. BOP 2006 US
Dist. Lexis 33408 and McGlamry v. Lappin, 2006 US Dist. Lexis 39460, both citing
Dotson, transfer the case because venue at the place of confinement was proper,
those cases holdings was that the events rising to the action occured there and
relevant witnesses would be located at the institution. Apart from those cases not
involving APA challenges as here, the facts of this case reveals that the agency's
decision makers are located in this district and no-witnesses would be require for
administrative review claims. Thus, since this case involves challenges to APA pro-
mulgations affecting every federal prisoner in the system, then it involves national
and not local concerns. Greater Yellowstone Coalition v. Bosworth, 180 FS2nd 124
(D.D.C. 2001) Further since all that is needed here is the administrative record,
venue is then proper in this district. Concerned Rosebud Area Citizen v. Babbit,
34 FS2nd 775 (D.D.C. 1999) Furthermore, Pickus compels venue here on account of
prisoners APA challenges affecting almost every federal prisoners, and as it was
allowed in Rodley supra for all the same reasons.

[20]
    Gerber v. Babbit, 146 FS2nd 1, 4-5 (D.D.C 2001) has nothing to do with harmless
error or the APA of §553. Steel Manufactures v. EPA, 27 F.3d 47 (D.C. Cir 1994) held
ed that lack of opportunity to comment on agency rational was harmless, and Chemical
v. EPA, 870 F.2d 177 (5th Cir. 1989) that failure to publish certain data was harm-
less. Obviously none of these cases involves federal prisoners challenges to BOP rules
under the APA concerning violation to the notice and comments and publishing/effect-
ive dates of the rule under §553. None.

[21]
    Delano v. Roche, 391 FS2nd 79 (D.D.C. 2005)(its well settled law that judicial
review of agency action under the APA is normally confined to the full administrative
record before the agency at the time the decision was made. The focal point for jud-
icial review should be the administrative record already in existence); Bioscience
v. Thompson, 243 FS2nd 579 (D.D.C. 2001)(Emaphasizing the need for a complete admini-
strative record prior to judicial review in the context of the APA)

How then can we know.[22]

This Court should not be kept in the dark[23] since it will be determined that the APA errors here will not be harmless.[24]

## CONCLUSION

5.   Wherefore Gomez respectfully requests that this Court denies defendants motion to dismiss/summary judgement by concluding that jurisdiction correctly lies under §1331/701-06 to review a federal prisoner's APA challenges that does not request speedier release, and thus further concludes that venue is proper in this district due that the APA record is all that will be require for determinations and its ruling on the merits of the complaint that    harmless error review will be entertained when the defendants submits the entire APA record on the GTC rule.

Respectfully submitted,

JULIO GOMEZ, Plaintiff
Pro-Se #52714-004
FCC Coleman Low Unit
PO BOX 1031
Coleman, Fl 33521-1031

---

22
    A utter failure to comply with notice and comments cannot be considered harmless it there's is any uncertainly at all as to the effect of that failure. Sprint Corp. v. FCC, 354 US App DC 288 (D.C. Cir. 2003); Sugar Cane Growers of Fla. v. Venemen, 289 F.3d 89 (D.C. Cir. 2002)

23
    Humane Soc'y of US v. DOC, 432 FS2nd 4 (D.D.C 2006)(Court supplementing with the APA record before ruling on summary judgement)

24
    In both Pickus and Rodley the APA violation was not harmless. In Pickus, the court invadiated the federal parole rules and order new rules to be promulgated In Rodley, the court granted declaratory judgement relief but not vacaturing the rule because of security concerns. (There's no security concerns here) See also, National Ass'n Mfrs v. US DOC, 1996 US Dist. Lexis 10478 (D.D.C); Enviromental Defensse v. Blum, 458 FS2nd 605 (D.D.C. 1978)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing motion was furnished via US mail this 11th day of Nov. 2006, to the defendant's counsel of record;  AUSA Rudolph Contreras and AUSA W. Mark Nebeker all from Washington D.C. Gomez's further certifies under the penalty of perjury that the foregoing motion was placed in the institution mail system with pre-postaged paid this **11th day** of Nov. 2006.

Respectfully submitted,

JULIO GOMEZ, Plaintiff
Pro-Se #52714-004
FCC-Coleman Low Unit
PO BOX 1031
Coleman, Fl 33521-1031

-8-

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RANDOLPH SHOPE,

               Petitioner,v.               Case No. 5:05-cv-487-Oc-10GRJ

BUREAU OF PRISONS,

               Respondent.

## ORDER DENYING RECONSIDERATION

This case is before the Court upon the filing of a Motion for Reconsideration (Doc. 5) with respect to this Court's Order (Doc. 3) dismissing the § 2241 Petition, which challenged the BOP's interpretation of 18 U.S.C. § 3624(b) and the appropriate manner in which to calculate a prisoner's good time credit. Petitioner seeks reconsideration because the Order dismissing the Petition did not address Petitioner's claims that the BOP violated the Administrative Procedure Act (APA) in various respects in promulgating its regulations. Such claims are not properly raised in a § 2241 Petition but must be pursued in accordance with the judicial review provisions of the APA. Accordingly, the Motion (Doc. 5) is **DENIED.**

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 28th day of February 2006.

*W. Terrell Hodges*

**UNITED STATES DISTRICT JUDGE**

c: Randolph Shope

*EXHIBIT (A)*