```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

JULIO GOMEZ,                           )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 ) Civil Action No. 06-1346 ESH
                                       )
DEPARTMENT OF JUSTICE, et al.,         )
                                       )
        Defendants.                    )
                                       )

REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Defendants, the United States Department of Justice ("DOJ") and the Federal Bureau of Prisons ("BOP"), have moved, pursuant to Fed. R. Civ. P. 12(b) (1), (2), (3), (6) and (7), to dismiss the Complaint in this action. Plaintiff may proceed by way of a petition for writ of habeas corpus to challenge the method by which his good time credits are calculated, but he must do so in the district of his incarceration and he must name his custodian as the proper party. See Defendants' Mem. at 4-10. Plaintiff cannot properly claim that he has standing to challenge the calculation of his sentence which he says should be shorter,[1] and at the same time dispute that the relief he seeks will not have a probabilistic impact on his sentence. He argues that none of the cases upon which Defendants rely "determined that federal prisoners [sic] APA challenges are available only through habeas

---

[1] See Complaint at 3-3a (Plaintiff seeks BOP's application of good time statute that reduces the length of time to be served on a sentence from 87.2% of the sentence to 85% of the sentence).

corpus." Plaintiff's Response at 2, n.2.  In fact, in Bourke v. Hawk, the District Court concluded as follows:

> Relying on LoBue v. Christopher, 82 F.3d 1081 (D.C. Cir. 1996), defendant next argues that plaintiff cannot challenge its regulations under the Administrative Procedures Act, 5 U.S.C. § 701 ("APA"), because he has an adequate remedy through habeas.  LoBue is inapposite.

Bourke v. Hawk, 121 F.Supp.2d 9, 12 (D.D.C. 2000),[2] rev'd 269 F.3d 1072 (D.C. Cir. 2001).  The Court of Appeals reversed, concluding as follows:

> Shortly after the district court rendered judgment in favor of Bourke, however, this court upheld the continuing vitality of Chatman-Bey [v. Thornburgh, 864 F.2d 804, 809 (D.C. Cir. 1988) (en banc)].  See Razzoli v. Federal Bureau of Prisons, 230 F.3d 371 (D.C. Cir. 2000).  A federal prisoner had sought declaratory relief and damages under the Privacy Act, arguing that the United States Parole Commission had wrongly delayed the time at which he would be eligible for parole. We adhered to the holding of Chatman-Bey that habeas corpus is the exclusive remedy for a federal prisoner challenging his parole eligibility date.  230 F.3d at 375-76.  Moreover, this court made clear that habeas is the exclusive remedy for a federal prisoner bringing any claim that would have a "probabilistic impact" upon the duration of his custody.  See id. at 373.
>
> Clearly, therefore, if Bourke is to pursue his claim he must seek a writ of habeas corpus.  As in Razzoli and Chatman-Bey, the crux of the appellant's claim is that he was illegally denied the "chance to secure his release."  Chatman-Bey, 864 F.2d at 809. Although Bourke's success on this claim would not necessarily result in his being released any earlier, it would raise that possibility and thus have a

---

[2] See also Bourke v. Hawk, 121 F.Supp.2d at 13 (wherein the District Court characterized its action as "[t]his Court's interpretation of plaintiff's claim as one properly brought pursuant to the APA. . .").

> "probabilistic impact" upon the duration of his custody. Accordingly, the motion for summary reversal is granted and this matter is remanded to the district court either to dismiss the case without prejudice or to transfer it to the district court for the district in which the appellant and his custodian are located.

Bourke v. Hawk-Sawyer, 269 F.3d 1072, 1074 (D.C. Cir 2001).

Mr. Gomez has the ability to raise his claims in the district of his incarceration. Indeed, such cases have proceeded through the Courts in that jurisdiction under the courts' habeas jurisdiction. See Guanipa v. Holder, 181 Fed.Appx. 932, 933 (11th Cir. 2006); see also Brown v. McFadden, 416 F.3d 1271 (11th Cir. 2005). This is not to say that Plaintiff will prevail in Florida; indeed, the Court has addressed the question that Plaintiff seeks to raise here:

> Federal prisoner Yraida Leonides Guanipa appeals the district court's denial of her petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' (BOP's) method of calculating good time credits under 18 U.S.C. § 3624. Guanipa asserts 18 U.S.C. § 3624 should be interpreted to require calculation of good time credits on the basis of the sentence imposed and not on the basis of time served. Guanipa contends: (1) we should reconsider our decision in Brown v. McFadden, 416 F.3d 1271 (11th Cir. 2005), which upheld the BOP's time served interpretation of 18 U.S.C. § 3624; (2) Brown is distinguishable because, due to her lack of notice of 28 C.F.R. § 523.20, the rule of lenity should apply in her case; and (3) Brown is distinguishable because it does not address the issue of whether the retroactive application of the BOP's interpretation violated the *Ex Post Facto* Clause. The district court did not err, and we affirm.

Guanipa v. Holder, 181 Fed.Appx. at 933 (footnotes omitted).

Plaintiff, however, is free to bring his claim in Florida and, if

he fails to convince the 11th Circuit of the legitimacy of his claim, he may seek to pursue his habeas matter in the Supreme Court.³

Plaintiff seeks to liken this case to the Supreme Court's decision in Wilkinson v. Dotson, 544 U.S. 74 (2005) and the Court of Appeals' decision Ali v. Reilly, App. No. 04-5178 (D.C. Cir. June 14, 2006), suggesting that his claim may proceed here for similar reasons. See Plaintiff's Response at 5. His attempt to paint this case as similar to those is misguided. In both of those cases, the Courts were assessing claims under 42 U.S.C. § 1983. Plaintiff does not, and indeed, cannot pursue claims

---

³ Plaintiff argues that he may not pursue his APA claim in the Florida Courts, relying on a decision in Shope v. Bureau of Prisons, Civil Action No. 05-487 (M.D. Fl. Feb. 28, 2006). Plaintiff would have the Court understand that the Florida Courts would never entertain a claim under the APA. See Plaintiff's Response at 4, n.11. In fact, although assisted by the same prisoner who worked on the Shope case, Plaintiff has failed to note that the District Court in Shope did, in fact, also examine the APA claim and reject it. See Shope v. Bureau of Prisons, Civil Action No. 05-487 (M.D. Fl. May 4, 2006) (Order Denying Relief From Judgment) ("Petitioner seeks relief from the judgment because the Order dismissing the Petition did not address the merits of Petitioner's claim that the BOP violated the Administrative Procedure Act (APA) in various respects in promulgating 28 C.F.R. § 523.20, which set forth the BOP's interpretation of 18 U.S.C. § 3624(b). Even if the instant Petition were a proper vehicle to raise this claim, the Petitioner would be entitled to no relief. The Circuit Courts that have upheld the BOP's interpretation of § 3624(b) have noted that 28 C.F.R. § 523.20 was promulgated pursuant to the APA's notice and comment requirements See Brown v. McFadden, 416 F.3d 1271, 1272-73 (11th Cir. 2005)(and cases cited therein).") (footnote converted to text) (copy attached). Thus, contrary to Plaintiff's suggestion, he may, indeed must, raise an APA claim in the context of a Habeas action. Id., see also Guanipa, supra.

against the defendants under that statute.  <u>Settles</u> v. <u>U.S. Parole Commission</u>, 429 F.3d 1098, 1106 (D.C. Cir. 2005) (sovereign immunity bars Section 1983 claims against a government agency); <u>Kauffman</u> v. <u>Anglo-American School of Sofia</u>, 28 F.3d 1223 (D.C. Cir. 1994).

    Indeed, Section 1983 provides:

> <u>Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects</u>, or causes to be subjected, <u>any citizen</u> of the United States or other person within the jurisdiction thereof <u>to the deprivation of any rights, privileges or immunities secured by the Constitution and laws</u>, <u>shall be liable</u> to the person injured <u>in an action at law, suit in equity, or other proper proceeding for redress</u>, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.  For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983 (emphasis added).

    Thus, Section 1983 does not generally apply to federal officials acting under color of federal law.  See <u>Daly-Murphy</u> v. <u>Winston</u>, 837 F.2d 348, 355 (9th Cir. 1987).  Rather, by its terms, Section 1983 applies only to actions under color of state law and does not ordinarily provide a basis for claims against

federal officials.[4]

Not only has there been no waiver of sovereign immunity, as made clear in <u>Settles</u>, but the Federal Government and its officials in their official capacities are not even "persons" within the meaning of Section 1983.  Section 1983 permits suit against a "person" acting under color of law of any state.  Neither the United States Department of Justice or the Federal Bureau of Prisons is a "person" for purposes of this statute, and therefore cannot be sued under Section 1983.  <u>See</u> <u>Al Fayad</u> v. <u>C.I.A.</u>, 229 F.3d 272 (D.C. Cir. 2000) (government is not a "person" absent affirmative evidence in statute of intent to include sovereign government within term).  <u>See</u> <u>also</u> <u>Hindes</u> v. <u>FDIC</u>, 137 F.3d 148, 158 (3d Cir. 1998) ("We find no authority to support the conclusion that a federal agency is a 'person' subject to section 1983 liability, whether or not in an alleged conspiracy with state actors.  We, therefore, hold that federal agencies are not 'persons' subject to section 1983 liability."); <u>Hoffman</u> v. <u>U.S. Dep't of Housing & Urban Dev.</u>, 519 F.2d 1160, 1165 (5th Cir. 1975) ("a federal agency is also excluded from the scope of section 1983 liability").

Finally, Plaintiff suggests that notwithstanding Defendants'

---

[4]  The only possible exception occurs when there is a conspiracy between state and federal officials resulting in an abuse of authority derived from state law.  <u>Kletschka</u> v. <u>Driver</u>, 411 F.2d 436, 448 (2d Cir. 1969).  None is alleged here.

-6-

motion to dismiss based on improper venue and Fed. R. Civ. P. 12(b)(3), "defendants motion to dismiss under FRCP(12)(b) fails to dispute venue or to request transfer. . .")  Plaintiff's Response at 6 n.19.  In fact, by raising a challenge to venue under Rule 12(b)(3),[5] the defense is <u>not</u> deemed waived.  <u>See</u> Fed. R. Civ. P. 12(b)(3); 12(h)(1).  Insofar as Plaintiff might like to have the case transferred to Florida, Defendants submit that transfer would be a waste of resources and not in the interest of justice.  <u>See</u> 28 U.S.C. § 1406(a) (allowing transfer if "in the interest of justice").  As noted in <u>Brown</u> v. <u>McFadden</u>, 416 F.3d 1271, 1272-73 (11th Cir. 2005)(and cases cited therein); <u>Shope</u> v. <u>Bureau of Prisons</u>; <u>Guanipa</u> v. <u>Holder</u>, 181 Fed.Appx. at 933 and the cases cited by Defendants in Footnote 2 of Defendants' Mem., Plaintiff's claims are without merit.  <u>See also</u> <u>Sample</u> v. <u>Morrison</u>, 406 F.3d 310, 313 (5th Cir. 2005) (affirming BOP's interpretation of 18 U.S.C. § 3624(b)(1)).  Under such circumstances, dismissal rather than transfer would seem to be the better approach.  <u>See</u> <u>Simpkins</u> v. <u>District of Columbia Government</u>, 108 F.3d 366, 370 (D.C. Cir. 1997) (declining to transfer claims where such action "would have kept the case alive only until the next court looked it over and found it wanting").  If, however, Plaintiff still wishes to pursue his claim, this

---

[5] <u>See</u> Defendant's Motion To Dismiss at 1; Defendants' Mem. at 10.

Court's dismissal would not preclude him from filing a <u>habeas</u> action in Florida, where he is incarcerated. Because such a filing would take a different form and would be against a different party, the drafting of a petition for writ of habeas corpus would be in order. Thus, nothing would be saved by a transfer of this case, and dismissal would only afford Plaintiff yet another opportunity to assess whether and how he should proceed in <u>habeas</u>.

For these reasons and those previously set forth by Defendants, Plaintiff has failed to state a claim for relief

within this Court's jurisdiction and venue is lacking. Accordingly, this action should be dismissed.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

-9-

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Reply To Plaintiff's Response To Defendants' Motion To Dismiss has been made by mailing copies thereof to:

JULIO GOMEZ
Reg. No. 52714-004
FCC-Coleman Low Complex
P.O. Box 1031
Coleman, FL  33521-103

on this 13th day of December, 2006.

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230