UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JULIO GOMEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1346 (ESH) |
| | ) | |
| DEPARTMENT OF JUSTICE and | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Julio Gomez, a federal prisoner at the Coleman Federal Correctional Complex in Coleman, Florida, has brought this *pro se* action challenging the method used by the Federal Bureau of Prisons ("BOP") to calculate federal prisoners' Good Conduct Time ("GCT") under 18 U.S.C. § 3624(b). Plaintiff alleges that BOP's method for calculating GCT under Section 3624(b), published at 28 C.F.R. § 523.20, was not properly promulgated pursuant to the notice-and-comment provisions of the Administrative Procedures Act ("APA"), 5 U.S.C. § 553. Plaintiff also argues that BOP's interpretation of Section 3624(b) is "arbitrary and capricious" because it awards GCT based on the time actually served by prisoners rather than on the length of the sentence imposed. (Compl. at 3(a).) Defendants have moved to dismiss the suit, arguing that the only available method for plaintiff to challenge the calculation of his GCT is by way of a petition for a writ of *habeas corpus* in the district of his confinement (*i.e.* Florida). Defendants also assert that BOP's method of calculating GCT is a reasonable interpretation of Section 3624(b), and has been upheld by numerous courts as such. As explained herein, the Court grants defendants' motion to dismiss.

## BACKGROUND

Plaintiff is currently serving a sentence of 235 months imposed on June 29, 1998, for conspiracy and possession with intent to distribute cocaine. (Compl. Ex. A at 5.) He argues that under Section 3624(b), if he earns the maximum available GCT he should only be required to serve 85% of his sentence, but that under the BOP's method as set forth in 28 C.F.R. § 523.20, which calculates GCT based on actual time served rather than the length of the sentence imposed, he will serve 87.2% of his sentence.

Section 3624(b) provides that each federal prisoner may "receive credit toward the service of [his] sentence, beyond the time served, of up to 54 days at the end of each year of [his] term of imprisonment, beginning at the end of the first year of the term," and "credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence." 18 U.S.C. § 3624(b)(1). The BOP's implementing regulation, 28 C.F.R. § 523.20, bases the calculation on the amount of time actually served by the prisoner, and prorates the fifty-four available days of credit a year to 0.148 day of credit for every day served on good behavior (54 / 365 = 0.148). This method of calculation results in fewer available GCT days than if the fifty-four days of credit per year were awarded based on the total length of the sentence imposed. *See Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1267-68 (9th Cir. 2001) (explaining that under BOP's method a prisoner earning the maximum available GCT would complete a sentence of a year and a day after serving 319 days, at which point he would have earned 47 days of GCT (319 x 0.148 = 47.212; 319 + 47 = 366)).

Plaintiff argues that 28 C.F.R. § 523.20 is invalid because it is a "noneffective nonfinal" rule that was not promulgated pursuant to the notice-and-comment provisions of the APA, and

that BOP is acting "arbitrary when calculating [GCT] through a noneffective regulation." (Pl. Opp. at 1, 2.) Plaintiff requests that the Court declare 28 C.F.R. § 523.20 invalid under the APA and "order[] defendants to recalculate every federal prisoner's [GCT] . . . interpret[ing] § 3624(b) to mean 54 days for each year of the sentence imposed or 85% of the sentence imposed." (Compl. at 4.) Defendants have moved to dismiss plaintiff's complaint under Fed. R. Civ. Pr. 12(b)(1), (2), (3), (6) and (7), asserting that because plaintiff is attacking the duration of his confinement, the only form of legal action available to him is a petition for a writ of *habeas corpus*, which can only be brought against his custodian in the district of his confinement. (Def. Mot. at 5).

## ANALYSIS

**I.     *Habeas Corpus***

It is well established that the sole federal remedy for challenging a determination of plaintiff's good conduct time and similar duration-of-confinement claims is by a petition for *habeas corpus*. *See Heck v. Humphrey*, 512 U.S. 477, 481, 86-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371, 374 (D.C. Cir. 2000); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 814 (D.C. Cir. 1988) (en banc); *Monk v. Sec'y of the Navy*, 793 F.2d 364, 366 (D.C. Cir. 1986). It is also well established that a *habeas* petition must be brought against the petitioner's custodian in the federal court with jurisdiction over the petitioner's prison. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *Razzoli*, 230 F.3d at 376. Thus, to the extent that plaintiff challenges BOP's determination of his own GCT and thereby seeks relief that would have a "probabilistic impact" on the duration of his custody, *Bourke v. Hawk Sawyer*, 269 F.3d 1072, 1074 (D.C. Cir. 2001), he may proceed only by way of

a petition for *habeas corpus* in the Middle District of Florida, the district of his confinement. This Court has no jurisdiction over such claims. *Id.* at 1074; *Razzoli*, 230 F.3d at 376.

## II.     Administrative Procedures Act

Though the relief he requests is a recalculation of his GCT under a formula that would result in additional GCT days being awarded, plaintiff contends that his claims have "nothing to do with contesting the length of his sentence." (Pl. Opp. at 2.) Instead, he asserts that his claim is a "clear procedural challenge" to the validity of 28 C.F.R. § 523.20. (*Id.* at 3.) Specifically, he argues that 28 C.F.R. § 523.20 was not properly promulgated through the notice-and-comment provisions of the APA, and is not a properly published final rule under the APA. (Compl. at 3, 3(a).) He also argues that Section 3624(b) is ambiguous, and that BOP is acting arbitrarily and capriciously in violation of the APA by interpreting § 3624(b) to allow 54 days of GCT for each year served rather than 54 days per each year of the sentence imposed. (*Id.* at 3.) Despite the fact that he requests recalculation of his and all other federal prisoners' sentences, his challenge, he contends, does not "raise the possibility of a prob[ab]ilistic impact on the duration of [his] custody" because if the Court were to declare 28 C.F.R. § 523.20 invalid, BOP would presumably promulgate a new rule under which his GCT would be calculated, and the impact of this hypothetical new rule on his sentence is unknown. (*Id.*) Therefore, he claims, that he is not required to proceed by petition for a writ of *habeas corpus*. (*Id.* at 4.)

As a preliminary matter, it is not clear that the notice-and-comment or judicial review provisions of the APA even apply to BOP rules regarding imprisonment. 18 U.S.C. § 3625 provides that "[t]he provisions of sections 554 and 555 and 701 through 706 of [the APA] do not apply to the making of any determination, decision, or order under this subchapter," which

includes Section 3624(b) -- the provision at issue here.  There is conflicting authority on whether this provision precludes judicial review of BOP rulemaking -- as opposed to BOP adjudications -- under the APA, or exempts BOP rules from the APA's notice-and-comment provisions. *Compare Wiggins v. Wise*, 951 F. Supp. 614, 618-19 (S.D.W.Va. 1996) (holding that agency rulemaking is not "a determination, decision, or order" encompassed by 18 U.S.C. § 3625, and that the statute "does not preclude judicial review of [BOP] rulemaking"), *with Fonner v. Thompson*, 955 F. Supp. 638, 641 (S.D.W.Va. 1997) (declining to follow *Wiggins* and holding that the BOP has been exempted from the notice-and-comment requirements of the APA); *see also Jasperson v. Fed. Bureau of Prisons*, 2006 WL 3060087, at *4 (D.D.C. October 30, 2006) (agreeing with *Wiggins*, holding that challenge to BOP rulemaking is cognizable under the APA, and noting that while "[t]he line between a challenge to an agency rule which has been followed in making an imprisonment determination and a challenge to the underlying determination itself is a fine one[,] . . . [t]he structure and legislative history of [§ 3625] . . . support the making of such a distinction").  However, even assuming *arguendo* that plaintiff's challenge to BOP's rulemaking is cognizable under the APA, plaintiff's claims must fail.[1]

First, despite plaintiff's contention that 28 C.F.R. § 523.20 is not a properly published final rule promulgated through the APA's notice-and-comment provisions, the rule in fact appears to have undergone the notice-and-comment process not only once, but twice.  When the rule was first promulgated in 1997, it was published for comment. *See* 62 Fed. Reg. 50,786,

---

[1] If, however, plaintiff purports to challenge the BOP's calculation of *his own* GCT under the APA, such a claim is clearly precluded by Section 3625's exemption of BOP orders, decisions, and determinations.  And, as discussed above, *habeas* is the exclusive form of action for such relief.

50,787 (Sept. 26, 1997) (publishing the GCT regulation as an interim rule and soliciting public comment); *see also Yi v. Fed. Bureau of Prisons*, 412 F.3d 526, 529 (4th Cir. 2005) (noting that BOP promulgated 28 C.F.R. § 523.20 pursuant to the notice-and-comment procedures of the APA); *Perez-Olivo v. Chavez*, 394 F.3d 45, 48 (1st Cir. 2005) (same); *Pacheco-Camacho*, 272 F.3d at 1268 ("Because the BOP regulation in question, 28 C.F.R. § 523.20, was adopted through the notice-and-comment procedure, it is entitled to the full deference mandated by *Chevron U.S.A., Inc. v. Natural Res. Council, Inc.* 467 U.S. 837 . . . (1984)"). No public comments were received. *See* 68 Fed. Reg. 37,776, 37,777 (June 25, 2003) ("We published [28 C.F.R. § 523.20] as an interim final rule on September 26, 1997 . . . . We received no public comment on that interim rule."). Subsequently, in 2003, BOP published notice of its intention to amend 28 C.F.R. § 523.20 and reorganize it for clarity, though the provision at issue here regarding the calculation of GCT was left unchanged from the 1997 rule. *See id.* at 37,776-77. Again, BOP accepted comments on the revised rule, and it became final on December 5, 2005. *See* 70 Fed. Reg. 66,752, 66,752-53 (Nov. 3, 2005) (noting that eight comments were received). In short, plaintiff's allegations regarding BOP's promulgation of 28 C.F.R. § 523.20 are simply unfounded.

Second, plaintiff contends that Section 3624(b) is ambiguous, and that BOP's interpretation is arbitrary and capricious. However, BOP's interpretation of Section 3624(b) -- which uses amount of time served, rather than sentence imposed, as the basis for calculating GCT -- has consistently been upheld as reasonable by numerous circuit courts. *See Brown v. McFadden*, 416 F.3d 1271, 1272-73 (11th Cir. 2005); *Yi*, 412 F.3d at 534; *Perez-Olivo*, 394 F.3d at 53; *O'Donald v. Johns*, 402 F.3d 172, 174 (3d Cir. 2005); *Bernitt v. Martinez*, 432 F.3d 868,

869 (8th Cir. 2005); *White v. Scibana*, 390 F.3d 997, 1002-03 (7th Cir. 2004); *Brown v. Hemingway*, 53 Fed. Appx. 338, 339 (6th Cir. 2002); *Pacheco-Camacho*, 272 F.3d at 1271; *Williams v. Lammana*, 20 Fed. Appx. 360, 361 (6th Cir. 2001); *see also Vargas-Crispin v. Zenk*, 376 F. Supp. 2d 301, 304-05 (E.D.N.Y. 2005) (noting that the Second Circuit has yet to rule on the question, but agreeing with "every court which has considered the issue" that the BOP's interpretation of Section 3624(b) is "reasonable and entitled to deference"); *Moreland v. Federal Bureau of Prisons*, 431 F.3d 180, 186-87 (5th Cir. 2005) (concluding that Section 3624(b) "unambiguously directs" that GCT must be awarded at the end of each year of prisoner's term of imprisonment). Though the D.C. Circuit has not yet addressed the question, the Court agrees with the unanimous view of the courts that if the language of Section 3624(b) is ambiguous, BOP's interpretation is a reasonable one, as the statute specifically requires that the GCT days be awarded at the *end* of each year of imprisonment.

### III.    Transfer of *Habeas* Claims

Finally, plaintiff, noting that pleadings filed by *pro se* litigants are to be construed liberally, requests that if the Court determines his claims to sound in *habeas corpus*, that they be transferred to the district of plaintiff's confinement. (Pl. Opp. at 4 n.12.) However, because the Court finds that plaintiff's APA claims -- even if properly raised in a *habeas* petition -- are without merit for the reasons discussed above, permitting such a transfer would be futile and thus is not in the interest of justice. *See* 28 U.S.C. § 1406(a). The Court therefore declines to transfer the case to the Middle District of Florida.

### CONCLUSION

In sum, this Court has no jurisdiction over plaintiff's challenge to the calculation of his

GCT, and plaintiff's claims under the APA have no merit. Accordingly, defendants' motion to dismiss is **GRANTED** and plaintiff's complaint is dismissed with prejudice. An Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: December 20, 2006