UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA



RECEIVED

JAN 0 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JULIO GOMEZ,

    Plaintiff,

-vs-                              CASE NO. 06-1346 (ESH)

DEPARTMENT OF JUSTICE et al;

    Defendants.

_____/

## MOTION FOR RECONSIDERATION

    Plaintiff Julio Gomez (hereinafter Gomez) in proper person and pursuant to FRCP 59(e), hereby respectfully requests the court to <u>reconsider</u> its ruling of Dec. 20th, 2006,[1] dismissing a civil action with prejudice, because the court clearly legally and factually erred in its observations when ruling.[2]

    In support thereof, Gomez states;[3]

1. Gomez filed a civil action under 28 USC §1331/5 USC 701-06 claiming that 28 CFR §523.20 was not properly promulgated through the notice and comment provision of the APA and not properly published final rule under the APA, as stated by the court in its ruling.

2. On Dec. 20th, 2006, this Court determined that Gomez's allegations regarding BOP's promulgation of §523.20 are "simply unfounded" because the BOP in 2003, at 68 Fed. Reg. 37,3776/77 (June 25, 2003), published notice of its intention to amend §523.20 and reconganize

---

[1]   Not counting weekends and holidays, Gomez has until Jan. 10, 2007 in which to file reconsideration. FRCP 59(e)

[2]   Reconsideration could be granted to correct a clear legal error or prevent manifest injustice. Horizon Lines v. US, 429 FS2nd 92 (D.D.C 2006)(ESH)

[3]   On the same date of the court's ruling Gomez filed a motion responing to defendant's reply thus, since reconsideration in now being filed such response motion by Gomez, filed on Dec. 20, 2006, should be helded moot.

it for clarity w/o changing from the 1997 rule, at 62 FR Reg 50,786 (Sept. 26, 1997), and again accepted comments on the revised rule that became final on Dec. 05, 2005 at 70 Fed. Reg. 66,752-54 (Nov. 03 2005).[4]

The court's "observations" are mistaken as revealed and confirmed by the attached exhibits, thus, Gomez here is not representing theories or arguments that could have been advanced earlier for the court to deny reconsideration.[5]

### Clear Legal/Factual Error

3. The rules articulated by this Court of 68 Fed. Reg 37,776/77 and 70 Fed. Reg 66, 752-54, has nothing to do with the GCT rule being challenge by Gomez of **62 Fed. Reg 50, 786.**

As clearly revealed and confirmed in exhibits (A),(B),(C),(D), (E) and (F), those rules is about amending the GCT rule concerning: **"Aliens with confirmed orders of Deporation"** NOT with calculating GCT under §523.20 through the legal authority of 18 USC §3624(b).

Exhibit **(A)**, which is 70 Fed. Reg 66,752, states; "Good Conduct Time: Aliens with confirmed orders of Deportation", and cites RIN 1120-AB12.[6]

Exhibit **(B)**, which is 68 FR Reg 37,776/77, published twice-May 16, 2005 and Oct 31, 2005, confirms that is the same rule as 70 FR Reg 66, 752 and cites the same RIN 1120-AB12.

---

[4] The court, although assumed arguendo, concluded that it had jurisdiction to consider Gomez's APA challenges, thus, rejected defendants lack of jurisdiction defense.

[5] Horizon Lines, supra.

[6] Clearly, this rule has nothing to do with calculating GCT under §3624(b) but instead, the none limitation of GCT for aliens order deported who does not make any efforts to obtain a GED.

<u>Exhibit</u> **(C)**, which is GCT rule of 62 Fed Reg 50,786, clearly reveals that the rule is concerning the calculation of GCT and is the challenge here by Gomez, with final action dates of 10/00/05, 5/00/06, 11/00/06 and again now, 2/00/07 by citing instead <u>RIN 1120-AA62</u>.

<u>Exhibit</u> **(D)**, confirms that 68 FR Reg 37,776/70 FR Reg 66/752, published twice also-May 16, 2005 and Oct. 31, 2005, has nothing to do with 62 FR Reg 50,786 because it clearly distinguishes different Regulation Identifier Number (RIN).[7]

Furthermore, looking closely to both rules, 68 Fr Reg 37,776/ 70 FR Reg 66,752 and 62 FR 50,786, we find the significant legal authority citation of §3624 in 62 FR Reg 50,786 <u>only</u>. What does that tell when "3624" is what gives the BOP legal authority to calculate GCT?[8]

**Clearly,** Gomez's GCT rule being challenge here for violating the APA is 62 FR Reg 50,786-RIN 1120-AA62, published as a final rule on 9/26/97 and final rule effective 11/03/97 and interim final rule comment period ended 11/25/97, <u>but still</u> not a final action rule until, now, **2/00/07**. Obviously confirming that Gomez was not playing games when stating that §523.20 is <u>not</u> a final action rule

---

[7] <u>Exhibit</u> **(E)**, also reveals and confirms that rule 68 FR Reg 37,776/ 70 Fed. Reg 66,752 is no-longer pending since it has already been declared a final action rule effective from Dec. 05, 2005 in which 62 FR Reg 50,786 is still pending final action under RIN 1120-AA62. See also, <u>exhibit</u> (C).

[8] <u>Exhibit</u> **(F)**, again reveals and confirms that currently §523.20 regulation cites only as effective and final action rule of 68 FR Reg 37,776/70 Fed Reg 66,752 and <u>not</u> 62 FR Reg 50,786. Such facts was attached as an exhibit during administrative remedies and in Gomez's civil complaint here. The civil complaint also evidenced that 62 FR Reg 50,786 was not a final action rule until May/06 by citing Fed. Reg. Vol. 70 at 64861 Oct. 31, 2005.

and effective to calculate federal prisoners GCT at this time.[9]

Gomez's APA challenges to BOP's rule involving calculation of GCT, is not "simply unfounded".[10]

Thus, since the court's observations when ruling on Gomez's APA challenges to 62 FR Reg 50,786/523.20 of §3624(b), was clearly legally and factually in error, then reconsideration here should be granted.[11]

## CONCLUSION

4. WHEREFORE, Gomez respectfully requests that the court grants reconsideration and thus, reviews Gomez's APA challenges to GCT rule of 62 FR Reg 50,786 at RIN 1120-AA62, by ordering the defendants to supply the entire APA record of the correct GCT rule involved here.   Thank You.

---

[9] What could have provoked BOP to initiate new rule-making proceedings/repromulgate to §523.20 involving calculation of GCT under §3624(b) was <u>Soler v. Bauknecht</u>, 2005 US Dist. Lexis 32971 (N.D. Fl 2005), a federal habeas prisoner challenging the same GCT rule for violating the APA. The court there denied relief not only for failing to exhaust administrative remedies but also due to the APA issue could be moot on account of BOP "currently in the process of making changes" to its GCT rule. The BOP has before re-promulgated rules to final action status in a effort to correct earlier APA violations. See, <u>Williams v. Daniels</u>, 2006 US Dist. Lexis 55505 (D.C. Or). The same could be happening here.

[10] For verification, this Court can contact the government official responsible for the current GCT rule-making proceedings, as reference in the attached exhibits. Sarah Qureshi, Office of General Counsel, Bureau of Prisons (202) 307-2105; Email:squreshi@bop.gov.

[11] Apart from the court mistakenly observing which GCT rule was being challenge by Gomez, the court also failed to address that the GCT rule of 62 Fr Reg 50,786 was promulgated and published on Sept. 26, 1997 in violation to the §553 provisions of the APA although obvious if the rule is now indeed not a final action-effective rule then such claims by Gomez are consider moot. However, this Court determined that the GGT rule was effective since Sept. 26, 1997 inwhich the BOP left "unchange" the provisions here regarding calculation of GCT.

Respectfully submitted,

*[signature]*

JULIO GOMEZ, #52714-004
Plaintiff/Pro Se
FCC-Coleman Low Unit
PO BOX 1031
Coleman, Fl 33521-1031

CERTIFICATE OF SERVICE

I hereby certify under the penalty of perjury that the foregoing motion for reconsideration was placed in the institutional mail system with pre-postaged paided and a copy furnished the defendant, AUSA William Mark Nebeker at 555 4th Street, NW. Washington DC 20530, this 28th day of Dec. 2006.

*[signature]*

JULIO GOMEZ, Plaintiff