UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JAN 0 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JULIO GOMEZ,
    Plaintiff,

-vs-

DEPARTMENT OF JUSTICE
    Defendants.
_____/

CASE NO. 06-1346 (ESH)

### Supplementing Motion For Reconsideration

Plaintiff Julio Gomez in prpper person and pursuant to the FRCP and in the interest of justice, hereby files the present motion supplementing a motion for reconsideration.

In support thereof, Gomez states;

1. On Dec. 28th, 2006, Gomez filed a motion for reconsideration on account of the court incorrectly observing that the GCT rule being challenge by Gomez of **62 FR Reg 50786** <u>RIN 1120-AA62</u> was instead 68 Fed Reg 37,776/70 FR Reg 66,752 RIN 1120-AB12.

The court also failed to entertain Gomez challenge that 62 FR Reg 50786 was promulgated in violation to the provisions of the APA under 5 USC §553.

Attached <u>exhibit</u> (A), is APA record of 62 FR Reg 50786 which clearly reveals that the GCT rule became effective <u>before</u> the Agency, BOP, received and consider public comments.[1] Obviously then, the GCT rule is invalid at this time.

Respectfully submitted,

JULIO GOMEZ, #52714-004

I hereby certify that a correct copy of the foregoing was furnished this 3rd day of Jan. 2006 to AUSA W. Mark Nebeker at 555 4th Street NW Washibgton DC 20530

---

[1] Exactly like in <u>Williams v. Daniels</u>, 2006 US Dist Lexis 55505 (D.C. Or)

**DEPARTMENT OF JUSTICE**

**Bureau of Prisons**

**28 CFR Part 523**

**[BOP-1032-I]**

**RIN 1120-AA62**

**Good Conduct Time**

**AGENCY:** Bureau of Prisons, Justice.
**ACTION:** Interim rule.

**SUMMARY:** In this document, the Bureau of Prisons is issuing interim regulations for the awarding of good conduct time pursuant to the Prison Litigation Reform Act of 1995 (PLRA). Pursuant to the PLRA, in awarding good conduct time credit, the Bureau shall consider whether the inmate, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or equivalent degree. This interim rule provides that an inmate subject to the PLRA shall be awarded the full 54 days credit for good conduct time (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a General Educational Development (GED) credential. The interim rule further provides that an inmate subject to the PLRA shall be awarded 42 days credit for good conduct time per year (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential. The amount of good conduct time awarded is also subject to disciplinary disallowance.

**DATES:** Effective November 3, 1997; comments must be submitted by November 25, 1997.

**ADDRESSES:** Office of General Counsel, Bureau of Prisons, HOLC Room 754, 320 First Street, NW., Washington, DC 20534.

**FOR FURTHER INFORMATION CONTACT:** Roy Nanovic, Office of General Counsel, Bureau of Prisons, phone (202) 514-6655.

**SUPPLEMENTARY INFORMATION:** The Bureau of Prisons is adopting interim regulations for the awarding of good conduct time for certain inmates. The awarding and vesting of good conduct time at a rate of 54 days per year (prorated when the time served by the inmate for the sentence during the year is less than a full year) had been clearly stated by statute since the implementation of the Sentencing Reform Act of 1984. The actual awarding of good conduct time occurs annually on the date marking the anniversary of the inmate's completion of one year in Federal custody. The awarding of good conduct time is also subject to disciplinary disallowance (see Tables 3 through 6 in 28 CFR 541.13).

Further statutory mandates on vesting good conduct time were added by the Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA) and by the PLRA. Under the Sentencing Reform Act of 1984, good conduct time vested annually. Section 20412 of VCCLEA required, among other things, that credit toward an inmate's service of sentence shall not be vested unless the inmate has earned or is making satisfactory progress toward a high school diploma or an equivalent degree. Section 809 of the PLRA requires, among other things, that credit toward an inmate's service of sentence shall vest on the date the inmate is released from custody, and that in awarding credit, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. This interim regulation is being issued for the purpose of implementing the discretionary provision of the PLRA pertaining to the awarding of good conduct time.

Regulations for the Bureau's literacy program have been revised to include a definition of "satisfactory progress" (28 CFR 544.73(b)). The revised regulations are published elsewhere in today's **Federal Register**. Pursuant to that definition, an inmate shall be deemed to be making satisfactory progress toward earning a GED credential or high school diploma unless and until the inmate receives a progress assignment confirming that the inmate refuses to enroll in the literacy program, that the inmate has been found to have committed a prohibited act that occurred in a literacy program during the last 240 hours of the inmate's most recent enrollment in the literacy program, or that the inmate has withdrawn from the literacy program. An inmate who receives a progress rating that the inmate is not making satisfactory progress shall be deemed to be making satisfactory progress only after the inmate has received a new progress assignment that the inmate has been continuously enrolled in a literacy program for a minimum of 240 instructional hours. Any further withdrawal or finding that the inmate has committed a prohibited act that occurred in a literacy classroom during the last 240 instructional hours of the literacy program shall result in a progress assignment indicating that the inmate is again not making satisfactory progress.

An inmate who is subject to the requirements of VCCLEA (i.e., an inmate who has been convicted of an offense committed on or after September 13, 1994 but before April 26, 1996) therefore may have his or her good conduct time vest if he or she possesses a high school diploma, a GED credential, or is making satisfactory progress toward attaining a GED. An inmate who is subject to the PLRA (i.e., an inmate who has been convicted of an offense committed on or after April 26, 1996) is awarded credit upon Bureau consideration whether the inmate has earned or is making satisfactory progress toward earning a high school diploma or an equivalent degree. By statute, good conduct time awarded to such inmate does not vest until the inmate is released from custody. The Bureau has determined (see new § 523.20) that when a PLRA inmate has not earned a high school diploma and is not making satisfactory progress toward earning a GED credential, the inmate shall be awarded 42 days of good conduct time rather than 54 days (prorated when the time served by the inmate during the year is less than a full year). The amount of good conduct time to be awarded is also subject to disciplinary disallowance.

The Bureau is publishing this regulation as an interim rule in order to solicit public comment. Members of the public may submit comments concerning this rule by writing to the previously cited address. Comments received before expiration of the deadline will be considered before the rule is finalized. Comments received after expiration of the deadline will be considered to the extent practicable.

The Bureau of Prisons has determined that this rule is not a significant regulatory action for the purpose of E.O. 12866, and accordingly this rule was not reviewed by the Office of Management and Budget pursuant to E.O. 12866. After review of the law and regulations, the Director, Bureau of Prisons has certified that this rule, for the purpose of the Regulatory Flexibility Act (5 U.S.C. 601 et seq.), does not have a significant economic impact on a substantial number of small entities, within the meaning of the Act. Because this rule pertains to the correctional management of offenders committed to the custody of the Attorney General or the Director of the Bureau of Prisons, its economic impact is limited to the Bureau's appropriated funds.

*Exhibit (A)*