UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JULIO GOMEZ,
    Plaintiff,

-vs-

DEPARTMENT OF JUSTICE, et al.,
    Defendants.

_____/

CASE NO. 06-1346 (ESH)

RECEIVED
DEC 2 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S RESPONSE TO DEFENDANTS' REPLY

Plaintiff Julio Gomez (hereinafter Gomez) in proper person and pursuant to the applicable rules of Fed. Civ. P., and in the interest of fairness, hereby responses to defendants' reply.

It is defendants, through counsel, who is wasting judicial resources and not proceeding in the interest of justice, for filing a frivolous reply.

In support thereof, Gomez states;

### JURISDICTION

1. Apart from defendants not telling us anything about why $\underline{Pickus}^1$ is not applicable, they instead tell us a little story that Gomez's civil action is not an 42 USC §1983 so that $\underline{Dotson}^2$ can be applicable.$^3$ Defendants story is a fairy tale.$^4$ Also unsustainable

---

$^1$   Pickus v. US, 507 F.2nd 1107 (D.C. Cir. 1974)

$^2$   Wilkson v. Dotson, 544 US 74 (2005)

$^3$   We all know, since its common knowledge, that a federal civil action is equivalent to a §1983 for either being a federal or state official/agency defendant, William v. US, 396 F.3d 415 (D.C. Cir. 2005). Defendants suggestion then that Ali v. Reilly, 2006 US App Lexis 15587 involved a state prisoner under §1983 although defendants were federal officials is obvious, since Ali is a D.C. prisoner. Fletcher v. Dist of Columbia, 320 F.3d 1223 (D.C. Cir. 2004) To the extent that defendants are also suggesting by citing Settle v. US Parole Commission, 429 F.3d 1098 (D.C. Cir. 2004) that the present claims against them under a §1983 action is barred by sovereign immunity, is also misplace. Defendants have forgotten, again, that Gomez civil action here is pursuant to 28 USC §1331/5 USC §701-706 that seeks no monetary damages. Trudeau v. FTC 456 F.3d 178 n11 (D.C. Cir. 2006); Iyengar v. Barnhart, 233 FS2nd 5 (D. D.C. 2002)(ESH)

$^4$   Jasperson v. BOP, 2006 US Dist. Lexis 78463 (D.D.C); Dominguez v. BOP, 2006 US Dist Lexis 33408 (D.D.C.); Mcglamry v. Lappin, 2006 US Dist Lexis 30460 n1 (D.D.C) See also, Mckettrick v. Williamson, 2006 US Dist Lexis 31460 (M.D. Pen)

after <u>Dotson</u>, is defendants other story that <u>Bourke</u>[5] still forecloses relief.[6]

It is the defendants who has attempted to misguided this Court.[7]

## VENUE

2. Although it seems to Gomez that defendants have waived transfer for improper venue but not improper custodian, Gomez still sustains that venue is proper here because his APA challenges are against the Federal Bureau of Prisons regulation/rule that the record and witnesses regarding implementation and promulgation of such regulation is located in this district, District of Columbia.[8]

Clearly, Gomez's APA claims are at home here.

## MERITS

3. Defendants also wants this Court to believe that Gomez's claims are meritless because the circuit/district courts of Gomez place of confinement as helded such, thus, requesting the action to be dismissed instead of transfer.

Defendants are acting confuse to suppress the truth.

There is no 11th Circuit case or any other authorities that have addressed Gomez's APA claims to the GCT rule and to the court in <u>Shope</u> holdings, citing <u>Brown</u>[9], that the GCT rule has been

---

[5] <u>Bourke v. Hawk</u>, 269 F.3d 1072 (D.C. Cir. 2000) Defendants, somewhat troubled because Gomez reponse suggested that their motion to dismiss fails to cite any case holding that federal prisoners APA challenges must proceed by habeas, unreasonable cites for support the lower court not cited before case of <u>Bourke</u> that helded against them but reversed on appeal to their satisfaction before <u>Dotson</u>.

[6] <u>Jasperson</u>, <u>supra</u>

[7] Defendants also continues to want this Court to believe that Gomez is requesting a shorter sentence when claiming that 18 USC §3624(b) should be interpret as 85% of the sentence imposed. Again, Gomez here is requesting the invalidation of the GCT rule for violating the APA or that such rule, 28 CFR §523.20, can not be used to calculate GCT because its not an effective and final action rule at this time.

[8] Farmer v. Hawk, 1996 US Dist. Lexis 13630 (D.D.C)

[9] Shope v. BOP, 05-487 (M.D. Fl 2006); Brown v. McFadden, 416 F.3d 1272 (11th 05)

promulgated through the APA, does **not** tell us if such promulgation was done "correctly" under the law or if the GCT rule is currently effective.[10]

This case seeks such determination. Something defendants desperately are avoiding when intentionally "still" not supplying this Court with the administrative record of the GCT rule.

Defendants should not be allowed to continue to conceal the LAW.

## CONCLUSION

4. Wherefore, Gomez respectfully requests that the court denys defendant's motion to dismiss by ordering them to supply the administrative record of the GCT to determine if any violation exist and thus, the applicability of the harmless analysis.

Respectfully submitted,

*JULIO GOMEZ, Plaintiff*

I hereby certify that a true and correct copy of the foregoing response to defendants reply was furnished via US mail this 20th day of Dec. 2006 to; AUSA W. Mark Nebeker at 555 4th Street, NW Civil Division, Washington DC 20530

*JULIO GOMEZ, Plaintiff*

---

[10] It is true, as stated in Gomez's response and defendants reply, Gomez is being assisted by the same prisoner who assisted Shope. However, that does not mean that he was aware of the Shope court ruling in the motion for relief from judgement. Although this same prisoner assistant drafted the motion, he was not aware of its ruling until now when supplied by defendants. Prisoner Shope is longer incarcerated at Gomez's facility. In any event, defendants suggests that the court in Shope "examine" the APA claims and rejected them when ruling on the motion, is misplace. The Shope court never had the APA record on the GCT rule to "examine" if indeed the GCT was correctly promulgated in the first place, thus, Shope citation to Brown was also erroneous since Brown never examined the APA record.