UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**RECEIVED**
MAR 0 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JULIO GOMEZ,
    Appellant,

-vs-

DEPARTMENT OF JUSTICE, et al.,
    Appellee.

_____/

CASE NO. 06-CV-01346
(Appellate no. 07-5031)

## MOTION FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

Appellant Julio Gomez in proper person and pursuant to FRAP 24, hereby respectfully requests the court to allow the instant appeal to proceed IFP status.[1] The appeal is not taken in bad faith due to the following issues being raised;

(A) WHETHER THE FEDERAL BUREAU OF PRISONS (FBOP) VIOLATED THE NOTICE AND COMMENTS PROVISIONS OF THE APA 5 USC § 553 WHEN PROMULGATING ITS GOOD CONDUCT TIME (GCT) RULE UNDER 28 CFR §523.20:[2]

(B) WHETHER THE FBOP IS VIOLATING THE APA, STATUTORY AND CONSTITUTIONAL RIGHTS BY CALCULATING FEDERAL PRISONERS GCT UNDER A NONEFFECTIVE/NONFINAL ACTION RULE OF §523.20:[3]

_____

[1] Attached is Appellant's requests from prison official on financial and balances during the last (6) months at the institution.

[2] The court mistakenly ruled that 68 Fed Reg 37776 involved calculation of federal prisoner GCT. As revealed by arguments and exhibits attached in the motion for reconsideration, 68 Fed Reg 37776 involved the non-limitation of GCT for alien ordered removed not calculation of GCT. Founded at 62 Fed Reg 50786 and revealing that FBOP made the rule effective before considering comments from the public. Doc. [14] See, Paulsen v. Daniels, 413 Fed3rd 999 (9th Cir. 2005)

[3] As revealed in exhibit (C), Doc. [14], 62 Fed Reg 50786 is not an effective final action rule at this time. See, 71 Fed Reg 73501,73492 Dec. 11, 2006. In FBOP own words at 62 Fed Reg 50786; "The Bureau is publishing this regulation as an interim rule in order to solicit public comment. Members of the public may submit comments concerning this rule by writing ........ Comments received before expiration of the dead line will be considered before the rule is finalized......"

(C) WHETHER FEDERAL PRISONERS ARE ENTITLE TO THE RULE OF LENITY WHEN INTERPRETATING THE AMBIGUOUS READING OF 18 USC §3624(b) INVOLVING GCT UNDER §523.20 SINCE § 523.20 WAS ILEGALLY PROMULGATED THROUGH THE NOTICE AND COMMENTS PROVISONS OF APA 5 USC §553 AND NOT A EFFECTIVE-FINAL ACTION RULE AT THIS TIME:[4]

WHEREFORE, Appellant respectfully requests the court to grant IFP status on appeal or grant any other relief deemed just and reasonable.[5]

Respectfully submitted,

JULIO GOMEZ, #52714-004
FCC-Coleman Low Unit
PO BOX 1031   B/4
Coleman, Fl 33521-1031

Filed this 26th day of Feb. 2007. Copy furnished to the AUSA of the case.

---

[4] Circuit courts have determined that the GCT statute, §3624(b), is ambiguous. Yi v. BOP, 412 F.3d 526 (4th Cir. 2006); Brown v. Mcfadden, 416 F.3d 1271 (11th Cir. 2006). These same cases and other circuit courts have also determined that the rule of lenity is not applicable because the FBOP promulgated the GCT rule through the APA. The record of this case clearly reveals that §523.20 was not legally promulgated and much worst, not a final effective rule at this time.

[5] Appellant is also filing a separate motion for appointment of appellate counsel due to the issues raised and since at the very least, there exist a sufficient likelihood of success on the merits.